IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA A. AVALOS,

    Plaintiff,

v.                                                CIV 02-191 KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Reverse or Remand. *Doc. 12*. If Administrative Law Judge Paul J. Keohane's findings applied the correct legal standards and is supported by substantial evidence, the Commissioner's decision stands and Plaintiff is not entitled to relief. *E.g., Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1497-1500 (10th Cir. 1992). My assessment is based on a review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency. *E.g., Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Castellano v. Sec'y of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994) (internal quotations and citations omitted). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir. 1994) (citation omitted).

ALJ Keohane conducted a thorough hearing and his decision is the most well-written opinion I have heretofore encountered. The opinion is comprehensive, discusses and applies the correct legal standards, accurately describes all of the evidence in the record save for the materials

submitted to the Appeals Council, and is thoroughly reasoned and supported. I have carefully considered the entire record, the parties' submissions, and relevant authorities. For the all of the reasons stated in Defendant's brief, save one, I find Plaintiff's arguments unavailing.

Defendant argues that the treating records submitted to the Appeals Council should not be considered because they concern events that post-date the ALJ's decision. However, the Appeals Council considered the evidence on the merits, *see Administrative Record* at 6, and generally "new evidence becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence," *O'Dell v. Shalala,* 44 F.3d 855, 859 (10th Cir. 1994). Furthermore, the new evidence suffers from the same deficiencies as the letters and forms submitted by these same medical care providers to the ALJ. Accordingly, as the Appeals Council found, I also find that they do not provide a "basis for changing" the ALJ's decision.

Finally, Plaintiff mentions in her reply that she was subsequently granted benefits. That decision, however, was based entirely on new evidence not in the record before ALJ Keohane or the Appeals Council, namely evidence of "neuropathy in both lower extremities and . . . no sensation in either foot" and a form completed on February 26, 2002 by "B. Morgan, M.D., the claimant's primary care physician" indicating her functional limitations. *See Doc. 14,* Exh. B (ALJ Larry Johnson's decision at page 2).

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion is DENIED, the decision of the Commissioner is AFFIRMED, and a Rule 58 final order shall issue concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent